FILED

2003 NOV 25 A 11: 49

US DISTRICT
[illegible]

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD ROQUE,<br>    Plaintiff<br>V.<br><br>JAMES S. GARFIELD,<br>    Defendant | : CIVIL ACTION<br>: NO. 3:00 CV 1583(SRU)(WIG)<br>:<br>:<br>:<br>:<br>: November 24, 2003 |

## DEFENDANT'S MOTION TO QUASH SUBPOENA DUCES TECUM

I.    INTRODUCTION

The present case arises from the arrest of the plaintiff on or about August 31, 1997. The present action was filed on or about August 18, 2000, and consisted of a claim of excessive force. A scheduling order was issued on December 12, 2001, in which discovery was to be completed by May 12, 2002, with dispositive motions to be filed on or before June 12, 2002. The plaintiff did not conduct any dispcovery during this period or during any subsequent extensions. On September 10, 2003, the Court held a status conference in which this matter was scheduled for trial on March 15, 2004.

315 Post Road West      HALLORAN      Phone (203) 227-2855
Westport, CT 06880      & SAGE LLP      Fax (203) 227-6992
                                                          Juris No. 412195

On or about November 11, 2003, the plaintiff has served a subpoena duces tecum on the City of Milford Police Department seeking an extensive amount of records.

The defendant now seeks to quash this subpoena on the grounds that the subpoena was issued long after the expiration of the discovery deadlines, that the subpoena seeks information which is not reasonably calculated to lead to the discovery of admissible evidence, and that the subpoena seeks medical information of the defendant which is privileged.

II.     ARGUMENT

The subpoena duces tecum dated November 11, 2003, seeks the production of the following documents:

*1.     Any and all written memoranda, reports, correspondence, documents, or other writings pertaining the arrest of the following individuals: Richard Rogue, Jesus Roman, Nereida DeJesus and Cynthia Davis on August 31, 1997, including but not limited to the following items:*

*(a)     a list of all physical evidence seized, viewed, or photographed;*

*(b)     the results of police examinations, analyses, or tests on all physical evidence;*

*(c)     any and all photographs, diagrams, and memoranda relating to the*

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

*physical scene;*

*(d)  any and all general investigative reports, including internal investigations of civilian complaints arising out of the incident;*

*(e)  any and all reports or records of radio calls regarding the incident, either prior to, during, or subsequent to the incident;*

*(f)  any and all mug shots or other photographs of Richard Roque, Jesus Roman, Nereida DeJesus and Cynthia Davis;*

*(g)  any and all medical records or other records regarding the treatment of Richard Roque;*

*(h)  any and all medical records or other records regarding the treatment of any injuries sustained by Officer Garfield, if any;*

*(i)  any and all written or otherwise recorded statements of civilian witnesses to the incident;*

*(j)  any and all written or otherwise recorded statements of Richard Roque, Jesus Roman, Nereida DeJesus and Cynthia Davis, including the notes taken by the interviewer;*

*(k)  any and all written or otherwise recorded statements of any police officers or other persons who were witnesses to the incident or had any contact with the case.*

*2.  Any and all policy, procedure, and/or training manuals, handbooks, or other documents pertaining to city of Milford police officers and/or city of Milford Police Department procedures.*

*3.  Any and all materials, orders, directives, reports, memoranda, scripts, rules, regulations, guidelines, and summaries issued by the city of Milford or any of its agencies, including but not limited to its police department and its prosecuting attorney's office, governing the use of force by an officer in making an arrest and/or concerning the standards in effect on August 31, 1997 which were to be used in*

- 3 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

*determining when the use of force on the part of a police officer is legal and justified, including but not limited to the following:*

*(a) all such materials used in the training of police officers (course outlines, books, manuals, brochures, films, filmstrips, tape recordings, and other audiovisual material, etc.); and*

*(b) all such materials issued at any time to active duty police officers (orders, memoranda brochures, leaflets, scripts, etc.).*

*4. Any and all materials, orders, directives, reports, memoranda, regulations, and summaries of the city of Milford and/or city of Milford Police Department concerning disciplinary measures which are provided within the city of Milford Police Department for an officer who is found to have used excessive force in violation of departmental regulations.*

*5. All information contained in the computer or computers maintained by the internal affairs division of the city of Milford Police Department or any other division of the city of Milford Police Department concerning complaints made against Officer James S. Garfield, including but not limited to the information that is retrievable by computer code.*

*6. Any and all records, reports, documents, or other writings relating to injuries sustained by any civilian during or as a result of an arrest conducted by Officer James S. Garfield.*

*7. All brochures or other literature published by the manufacturer and/or distributor of the handcuffs used by Officer Garfield to strike Richard Roque on August 31, 1997.*

(See "Subpoena Duces Tecum" attached as Exhibit A.)

This subpoena duces tecum should be quashed for the following reasons. First, the subpoena duces tecum was served well after the close of discovery and only four months before trial. Therefore, the subpoena, in its entirety, should be quashed.

- 4 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

Second, any issues concerning departmental discipline, civilian complaints, internal affairs investigations or other complaints of excessive force are not relevant or admissible in the present claim against Officer Garfield. Additionally, the request for the records of the internal affairs division is not even limited to excessive force investigations and is clearly overly broad and irrelevant. Therefore, the portion of the subpoena duces tecum concerning requests for production nos. 1(d), 4, 5 and 6 should be quashed.

Third, request for production no. 2 seeks the production of all policies, procedures and training manuals of the Milford Police Department. This request is overly broad and burdensome in that it does not specify a particular training/policy topic or area and does not specify a particular time. Such an overly broad request is also beyond the scope of discovery in that it is not reasonably calculated to lead to the discovery of admissible evidence.

Fourth, request for production no. 1(h) seeks the medical records of Officer Garfield. Such records are privileged as a matter of law. As Officer Garfield has not asserted a claim for damages in this case, he has not waived this privilege. Additionally, such records are not relevant to the present excessive force claim. Accordingly, the portion of the subpoena duces tecum concerning this request should also be quashed.

- 5 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

Fifth, in request for production no. 6, the plaintiff seeks any records relating to injuries sustained by a civilian during an arrest conducted by Officer Garfield. Such a request is likely to include records which are subject to erasure under state law and may not be disclosed. Thus, the portion of the subpoena duces tecum concerning this request must also be quashed.

Sixth, request for production no. 7 seeks literature published by the manufacturer of the handcuffs used by Officer Garfield. This request is beyond the scope of discovery in that it is not reasonably calculated to lead to the discovery of admissible evidence.

Finally, the subpoena seeks the production and disclosure of voluminous documents which would impose a substantial burden on the City of Milford to compile the requested materials in such a short period of time.

III.   CONCLUSION

For the foregoing reasons the plaintiff's subpoena duces tecum dated November 11, 2003 should be quashed.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

DEFENDANT,
JAMES GARFIELD


By: /s/ Robert A. Rhodes
Robert A. Rhodes of ct 13583
HALLORAN & SAGE, LLP
315 Post Road West
Westport, CT 06880
Juris No. 412195
Their Attorneys

- 7 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

## **CERTIFICATION**

This is to certify that on this 24th day of November, 2003, the foregoing was either mailed, postpaid, or hand-delivered to:

Attorney Jose M. Rojas
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

_____
ROBERT A. RHODES

488851.1(HS-FP)

- 8 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| RICHARD ROQUÉ, | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| OFFICER JAMES S. GARFIELD | CASE NUMBER: 3:00 CV 01583 (SRU) |

TO:   Records Custodian for:   City of Milford Police Department
430 Boston Post Road
Milford, CT 06460

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See attached Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| Shipman & Goodwin LLP, One American Row, Hartford, CT 06103-2819 | December 4, 2003 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jose M. Rojas, Esq. /s/ Jose M. Rojas Attorney for Plaintiff | Nov. 11, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jose M. Rojas, Esq., Shipman & Goodwin LLP, One American Row, Hartford, CT 06103-2819
Tel: (860) 251-5000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1  If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

1. Any and all written memoranda, reports, correspondence, documents, or other writings pertaining the arrest of the following individuals: Richard Rogue, Jesus Roman, Nereida DeJesus and Cynthia Davis on August 31, 1997, including but not limited to the following items:

   (a) a list of all physical evidence seized, viewed, or photographed;

   (b) the results of police examinations, analyses, or tests on all physical evidence;

   (c) any and all photographs, diagrams, and memoranda relating to the physical scene;

   (d) any and all general investigative reports, including internal investigations of civilian complaints arising out of the incident;

   (e) any and all reports or records of radio calls regarding the incident, either prior to, during, or subsequent to the incident;

   (f) any and all mug shots or other photographs of Richard Roqué, Jesus Roman, Nereida DeJesus and Cynthia Davis;

   (g) any and all medical records or other records regarding the treatment of Richard Roqué;

   (h) any and all medical records or other records regarding the treatment of any injuries sustained by Officer Garfield, if any;

   (i) any and all written or otherwise recorded statements of civilian witnesses to the incident;

   (j) any and all written or otherwise recorded statements of Richard Roqué, Jesus Roman, Nereida DeJesus and Cynthia Davis, including the notes taken by the interviewer;

   (k) any and all written or otherwise recorded statements of any police officers or other persons who were witnesses to the incident or had any contact with the case.

2. Any and all policy, procedure, and/or training manuals, handbooks, or other documents pertaining to city of Milford police officers and/or city of Milford Police Department procedures.

3. Any and all materials, orders, directives, reports, memoranda, scripts, rules, regulations, guidelines, and summaries issued by the city of Milford or any of its agencies, including but not limited to its police department and its prosecuting attorney's office, governing the use of force by an officer in making an arrest and/or concerning the standards in effect on August 31, 1997 which were to be used in determining when the use of force on the part of a police officer is legal and justified, including but not limited to the following:

(a) all such materials used in the training of police officers (course outlines, books, manuals, brochures, films, filmstrips, tape recordings, and other audiovisual material, etc.); and

(b) all such materials issued at any time to active duty police officers (orders, memoranda, brochures, leaflets, scripts, etc.).

4. Any and all materials, orders, directives, reports, memoranda, regulations, and summaries of the city of Milford and/or city of Milford Police Department concerning disciplinary measures which are provided within the city of Milford Police Department for an officer who is found to have used excessive force in violation of departmental regulations.

5. All information contained in the computer or computers maintained by the internal affairs division of the city of Milford Police Department or any other division of the city of Milford Police Department concerning complaints made against Officer James S. Garfield, including but not limited to the information that is retrievable by computer code.

6. Any and all records, reports, documents, or other writings relating to injuries sustained by any civilian during or as a result of an arrest conducted by Officer James S. Garfield.

7. All brochures or other literature published by the manufacturer and/or distributor of the handcuffs used by Officer Garfield to strike Richard Roqué on August 31, 1997.

357692 v.01

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Interrogatories were mailed, postage prepaid, this 11th day of November 2003, to:

Robert Avery Rhodes, Esq.
Stephen P. Fogerty, Esq.
Halloran & Sage
315 Post Road West
Westport, CT 06880

Jose M. Rojas