FILED
2003 DEC -3 P 12: 23

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD ROQUÉ, | : CIVIL ACTION NO. |
| | : 3:00 CV 01583 (SRU/WIG) |
| Plaintiff, | : |
| v. | : |
| OFFICER JAMES S. GARFIELD, INDIVIDUALLY | : |
| Defendant. | : DECEMBER 1, 2003 |

**PLAINTIFF'S MOTION TO CONDUCT LIMITED DISCOVERY AND OBJECTION TO DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA OF MILFORD POLICE DEPARTMENT**

Pursuant to Federal Rules of Civil Procedure 45(b)(1) and (2) and 45(c)(3)(A)(ii) Richard Roqué respectfully submits this Motion to Conduct Limited Discovery and Objection to Defendant's Motion to Quash Plaintiff's Subpoena of Milford Police Department.

**I.    FACTUAL BACKGROUND**

Mr. Roqué sustained serious injuries on August 31, 1997. Mr. Roqué's injuries include fractures to his leg and hip, and a laceration to his head. Mr. Roqué intends to prove at trial that he was pulled over by Officer James Garfield ("Garfield"). Mr. Roqué panicked and attempted to escape custody of the police officer by foot. The officer began a foot chase which resulted in Mr. Roqué being cornered at the edge of a train platform. Mr. Roqué attempted to surrender, but was instead assaulted and pushed off the side of the

platform onto the train tracks below. Garfield then lowered himself down to the train tracks and struck Mr. Roqué on the head with his handcuffs.

Mr. Roqué is mentally disabled, suffering from a variety of conditions for which he has received payments from the Social Security Administration. He began this litigation as an indigent, pro se plaintiff. Only recently, the undersigned counsel appeared on Mr. Roqué's behalf. As the defendant notes, prior to the appearance of the undersigned, no discovery had been sought by Mr. Roqué. The defendant, however, conducted discovery, including written discovery, and a deposition of plaintiff. Mr. Roqué cooperated fully with Garfield's discovery efforts.

Discovery is closed in this matter. However, plaintiff seeks permission to conduct a limited amount of discovery confined to those areas that are absolutely necessary to the adequate prosecution of this matter. Plaintiff seeks to conduct the following limited discovery:

1. Brief interrogatories and requests for production which have been served (See Exhibit A);
2. The subpoena which is the subject of this motion;
3. An independent orthopedic medical examination of plaintiff; and
4. Possibly a deposition of Officer Garfield.

## II.   LAW AND ARGUMENT

The court should deny Officer Garfield's Motion to Quash. Although he does not identify the specific provisions of the rules upon which he relies, Garfield appears to base his Motion on Federal Rules of Civil Procedure 26(c), 30(d)(4) and/or 45(c)(3)(A).

Garfield moves to quash the entire subpoena on the grounds that discovery is closed and that the subpoena is overly burdensome. Defendant is correct that discovery is closed. However, Mr. Roqué is seeking permission to conduct a limited amount of discovery which will not prejudice the defendant. As noted, Mr. Roqué has been operating without counsel throughout the discovery period and as a result has not had an opportunity to conduct any discovery. The discovery which is being sought has been intentionally and deliberately limited to those areas that are absolutely necessary to the prosecution of this action. There is no reason why the materials sought should impact the current trial deadline. Moreover, Garfield has not provided any evidence, by affidavit or otherwise, that the requested material is so burdensome that it either cannot be produced or cannot be produced within a reasonable timeframe.

Equally important, Garfield's claim that the subpoena in its entirety is overly burdensome is without standing. Garfield does not speak for the police department. If the police department had chosen to move to quash, it could have easily done so through their counsel. At this point, a motion from the police department would be untimely.

Federal Rule of Civil Procedure 26(c) provides that only "a party or the person from whom discovery is sought" may file a motion for a protective order. Fed. R. Civ. P. 26(c).

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

"A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself." 8 Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 2035 at 475 (1994 & Supp. 2002). Federal Rules of Civil Procedure 45(c)(3)(A) and (B) (hereinafter "Rule 45(c)") identify the instances in which a court shall or, in other situations, may quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3)(A), (B). As with Rule 26(c) motions for a protective order, a Rule 45(c) "motion to quash . . . should be made by the person [commanded to produce documents]. Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege" concerning the material or information sought by the subpoena. 9A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 2d § 2459 at 41 (1995 & Supp. 2002).

With the possible exception of requests for production nos. 1(h), 5 and 6, the subpoena served on the Milford Police Department has no bearing on Garfield. Accordingly the vast majority of his motion is without standing.

Defendant also individually objects to certain specific requests for production. Each request objected to by Garfield is addressed in turn.

**Request no. 1(d).** Garfield claims that Request no. 1(d) is not relevant. The request seeks "any and all general investigative reports, including internal investigations of civilian complaints arising out of the incident." The incident report, and any possible complaints of witnesses with regard to this incident likely contains factual information that may be admissible. It is of no consequence whether the actual reports are admissible. The

4

request for these documents is reasonably calculated to lead to the discovery of admissible evidence.

**Request no. 4.** Garfield objects to request no. 4 on relevancy grounds. The request seeks information pertaining to the disciplinary practices of the police department with respect to the use of force, and is intended to establish that Garfield was on notice with regard to the inappropriate use of force (i.e. that the department does not approve of, and that there are consequences that follow, the inappropriate use of force). Garfield's violation of department policy would support plaintiff's claim that Garfield acted unreasonably.

**Requests nos. 5 and 6.** The information in these requests is being sought for three primary purposes. First, the actual records obtained may be admissible pursuant to Rule 404(b). If for example, it is revealed that Garfield has previously used his handcuffs to assault suspects, the evidence would surely be admissible. In addition, Mr. Roqué has filed a motion to amend the complaint. One of the more notable additions to the complaint is the addition of a claim that Garfield deprived Mr. Roqué of equal protection of the laws. In order to prove this claim, Mr. Roqué will have to (1) present direct evidence of discriminatory motive or (2) present circumstantial evidence of discriminatory motive. If, for example, the information sought in Request no. 6 shows that Garfield disproportionately injures minority civilians, the evidence, much like in a Title VII employment case, would likely be admissible as circumstantial evidence of the officer's discriminatory intent. Similarly, if the civilian complaints sought in Request no. 5 against Garfield, are made disproportionately by members of a minority class, a similar inference may arise. Lastly,

5

requests nos. 5 and 6 are reasonably calculated to lead to potential impeachment material in the event that Garfield takes the stand. Request nos. 5 and 6 could easily lead to information that reflects negatively on Garfield's veracity. For example, if there was an investigation relating to the officer's filing of a false report, or testifying falsely, etc., Garfield's decision to take the stand, would unquestionably open the door to cross-examination on the topic.

Garfield's claim that some of the records sought in Request No. 6 are subject to "erasure" is problematic on a number of fronts. First, Garfield cites to no authority for this broad proposition, rendering a response to this broad proposition virtually impossible. Second, assuming arguendo that there are certain records which are subject to erasure, this would not be a basis for the withholding of all the records. Instead a more reasonable approach would be a "privilege log" of sorts, so that an intelligent and focused discussion may be had regarding whether such documents are subject to disclosure.

**Request no. 7.** Garfield objects to this request on the grounds that is not reasonably calculated to lead to the discovery of admissible evidence. The request seeks literature relating to the handcuffs used by Garfield to strike Mr. Roqué on the head. Although the handcuffs were used as a weapon, Mr. Roqué has reasonably calculated that this is not the intended purpose of the cuffs, which in turn supports Mr. Roqué's allegation that Garfield acted unreasonably.

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

### III. CONCLUSION

The subpoena issued to the Milford Police Department is reasonable, appropriate, and reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Garfield's Motion to Quash should be denied.

Lastly, Plaintiff seeks permission to conduct the limited discovery requested herein.

PLAINTIFF,
RICHARD ROQUÉ

By _____
Jose M. Rojas
Federal Bar No. ct22569
For Shipman & Goodwin
One American Row
Hartford, CT 06103-2819
Tel: (860) 251-5000
Fax: (860) 251-5700
Jrojas@goodwin.com
His Attorney

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Objection was mailed, postage prepaid, this **1st** day of December 2003, to:

Robert Avery Rhodes, Esq.
Stephen P. Fogerty, Esq.
Halloran & Sage
315 Post Road West
Westport, CT 06880

José M. Rojas

359074 v.01

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385