**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

2003 DEC 10  P 3: 08

| | |
|---|---|
| RICHARD ROQUE, | : CIVIL ACTION |
| Plaintiff | : NO. 3:00 CV 1583(SRU)(WIG) |
| V. | : |
| | : |
| JAMES S. GARFIELD, | : |
| Defendant | : December 10, 2003 |


## DEFENDANT'S OBJECTION PLAINTIFF'S MOTION TO CONDUCT LIMITED DISCOVERY DATED DECEMBER 1, 2003


### I.    INTRODUCTION

The present action arises from the arrest of the plaintiff on or about August 31,

1997. The plaintiff claims that he was assaulted by Officer Garfield following a lengthy

foot pursuit. The plaintiff was convicted of assaulting Officer Garfield on November 25,

1998. During the course of that trial, the plaintiff admitted to being under the influence

of heroin on the day of his arrest. The present action was filed on or about August 18,

2000, and consisted of a single claim of excessive force. From December, 2001 to

April, 2003, the defendant has engaged in discovery and filed various motions in order

to prepare this matter for trial. A Joint Trial Memorandum was filed on or about August

11, 2003. On September 10, 2003, the Court held a status conference in which this

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

matter was deemed trial ready and scheduled for trial on March 15, 2004.  At this time,

the Court indicated that it would attempt to obtain *trial* counsel for the plaintiff.

The plaintiff now seeks to conduct discovery well after the expiration of the

discovery period and well after this matter has been deemed ready for trial.  This

"limited" discovery includes: (1) written interrogatories served on Officer Garfield; (2) a

lengthy subpoena duces tecum served on the City of Milford; (3) an independent

medical examination of the plaintiff; and (4) the deposition of Officer Garifeld.

The defendant now objects to this Motion on the grounds that it is well beyond

the discovery period and would substantially prejudice the defendant.

II.    ARGUMENT

The plaintiff has already admitted that discovery is closed in this matter so this

issue will not be further addressed.  The defendant will also not repeat the arguments

raised in his Motion to Quash and Objections to Interrogatories.  Rather, the defendant

will address some of the issues raised in the plaintiff's Motion for Limited Discovery.

First, much of the discovery sought by the plaintiff through written interrogatories

and the subpoena served on the City of Milford seeks the disclosure and production of

complaints, inquiries, internal affairs investigations and discipline issued to Officer

Garfield.  Such discovery is not even limited to claims or discipline related to excessive

force.  This discovery is not only oppressive and harassing, it is not reasonably

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

calculated to lead to the discovery of admissible evidence.  This is a claim of excessive force against Officer Garfield based on the arrest of the plaintiff on August 31, 1997. The reasonableness of the force used during the arrest will be based on the facts and circumstances present at the time of the arrest, such as the plaintiff's physical resistance and attempt to flee.  Any complaints or discipline concerning other matters or incidents would not be relevant to this issue.  Any possible probative value of such information would be far outweighed by the prejudicial impact to Officer Garfield.  Such incidents, if they include an actual finding of wrongdoing, might only be relevant to a claim against the City of Milford for failure to hire, supervise or discipline Officer Garfield.  However, no such claim exists in this case.  Finally, internal affairs investigations and discipline are generally not admissible as they constitute subsequent remedial measures.   The plaintiff has argued that such evidence may be used under Rule 404(b), however, character is not an issue in this case and this rule appears only to apply to criminal prosecutions.

Additionally, such records may also include police reports concerning other arrests in which force was used.  Such records would be subject to erasure under C.G.S. § 52-142(b) - (d) if the arrest resulted in an acquittal, dismissal, nolle or pardon. Under these provisions "all police records ... shall be erased and the person charged with the retention and control of such records shall not disclose to anyone their

- 3 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

existence or any information pertaining to any charge so erased." There is no exception for the disclosure of redacted records as the plaintiff suggests. Therefore, such records cannot be disclosed by the City of Milford if they have not yet been destroyed.

Second, the plaintiff seeks an independent medical examination. This request presumably anticipates the disclosure of the examining physician as an expert with opinions concerning causation, prognosis and a disability. The defendant would obviously object to the disclosure of a medical expert or expert opinion at this time. It is well beyond the period for disclosing experts and the defendant would not have adequate time to conduct his own independent medical examination and obtain his own expert. The defendant would also be prejudiced by having to perform his own additional discovery at this late date, ie. the deposition of the plaintiff's anticipated expert and possibly reopening the plaintiff's deposition.

Finally, Officer Garfield has recently been diagnosed with a herniated disc and will likely undergo surgery in the upcoming month. Therefore, complying with discovery and sitting for a deposition will be physically burdensome at this time.

- 4 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

III.     <u>CONCLUSION</u>

For the foregoing reasons, the plaintiff's Motion to Conduct Limited Discovery should be denied.

DEFENDANT,
JAMES GARFIELD


By:     _____
Robert A. Rhodes of
HALLORAN & SAGE, LLP
315 Post Road West
Westport, CT 06880
Juris No. 412195
Their Attorneys

- 5 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

## CERTIFICATION

This is to certify that on this 10th day of December, 2003, the foregoing was either mailed, postpaid, or hand-delivered to:

Attorney Jose M. Rojas
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

ROBERT A. RHODES

493773.1(HS-FP)

- 6 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195