UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD ROQUÉ, | : | CIVIL ACTION NO. |
| | : | 3:00 CV 01583 (SRU/WIG) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER JAMES S. GARFIELD, | : | |
| INDIVIDUALLY | : | |
| | : | |
| Defendant. | : | DECEMBER 11, 2003 |

## PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO CONDUCT LIMITED DISCOVERY

Defendant's efforts to prevent discovery of defendant's work history is wholly unsupportable. This fact is perhaps made most apparent by defendant's virtual failure to cite to any legal authority for the proposition that the materials requested are not discoverable. Defendant's only legal argument appears to be based on his claim that F.R.E. 404(b) "appears to only apply to criminal prosecutions." This legal contention is unsupportable.

Indeed, in a case remarkably on point with the case at bar, the Second Circuit held that evidence of a similar incidents involving a defendant police officer was admissible under Rule 404(b) to prove pattern, intent, absence of mistake, etc.. See Ismail v. Cohen, 899 F.2d 183, 188-89 (2d Cir. 1990).[1] Ismail is particularly notable because it involved a

---

[1] In Ismail, the Court below rationalized the admissibility of an other incident as follows: "In the case at bar, the evidence concerning the Castaldo incident is offered to demonstrate both a relevant pattern and intent. The pattern of misconduct would be the following:

claim of excessive force against a police officer. There was no claim before the jury relating to the conduct of the police department, or the officer's supervisors. Hence, the case is on point, with one notable exception. The <u>Ismail</u> Court was deciding on the admissibility of the subsequent similar misconduct. In the instant case, the only issue is the discoverability of the information. Its admissibility should be left for another day, once the parties have had the opportunity to evaluate the relevance of the material.

Rule 404(b) specifically provides for the admission of evidence of other wrongs or acts, either prior to or subsequent to the incident in question, which are relevant to an actual issue in the case. <u>See</u> <u>e.g.</u>, <u>United States v. Hurley</u>, 755 F.2d 788, 790 (11th Cir. 1985) <u>United States v. Riley</u>, 657 F.2d 1377, 1388 (8th Cir. 1981). Rule 404(b) requires a two-part analysis; first, consideration of whether the evidence fits within the exceptions listed in the rule and, second, balancing the probative value of the evidence against the likelihood of undue prejudice, equivalent to the analysis under Rule 403. <u>Fiacco v. City of Rensselaer, N.Y.</u>, 783 F.2d 319, 327-28 (2d Cir. 1986), <u>cert</u> <u>denied</u>, 480 U.S. 922, 107 S. Ct. 1384 (1987). The Second Circuit has long been committed to the "inclusionary" approach to the

defendant Cohen applying handcuffs too tightly, falsely claiming injury from the citizen to cover up his own inappropriate use of physical force, and filing false charges for the same purpose. These actions represent a relevant pattern in which plaintiff intends to show that Officer Cohen has a pattern of lashing out physically when he feels his authority is challenged by a citizen with whom he is dealing on the street. Furthermore, the Castaldo incident is offered to demonstrate Officer Cohen's wrongful intent to abuse his public office and to lie thereafter about it. Proof of such intent is a critical part of plaintiff's case. The evidence offered by plaintiff therefore meets the first prong of Rule 404(b)."

admissibility under Fed. R. Evid. 404(b) of similar act evidence. See e.g., United States v. Benedetto, 751 F.2d 1246, 1248 (2d Cir. 1978) (citing McCormick, Evidence § 109, at 447 (2d ed. 1972)).

Evidence of similar bad acts is admissible if it is substantially relevant for some purpose other than to show the character of a person in order to prove that he acted in conformity therewith. Id. Evidence of similar acts is admissible for such purposes as "proof of motive, opportunity, intent, preparation, plan [or] knowledge." Fed. R. Evid. 404(b).

As noted, the issue here is not one of admissibility, but should instead be analyzed under our liberal rules of discovery. Courts have recognized this distinction when considering whether to allow discovery of personnel files and internal affairs files:

> "The present case involves not the admissibility of evidence at trial but whether a pro se plaintiff is entitled to discovery. The Court is mindful that 'the scope of discovery under the Federal Rules of Civil Procedure is to be liberally construed so as to provide both parties with information essential to proper litigation on all the facts.' Mallinckrodt Chemical Works v. Goldman, Sachs & Co., 58 F.R.D. 348, 352-53 (S.D.N.Y. 1973), Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery not only of evidence admissible at trial, but also of information that is "reasonably calculated to lead to the discovery of admissible evidence." The police reports in question include allegations of acts similar to those plaintiff alleges in his complaint. The information may or may not be admissible at trial, but at this time the Court is not prepared to hold that the documents are not 'reasonably calculated to lead to the discovery of admissible evidence.' Indeed, courts in this circuit frequently have ordered the police to produce pre-complaint documentation of alleged police misconduct including CCRB [Citizen Complain Review Board] and IAD [Internal Affairs Division] files.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Malsh v. New York City Police Dep't, 1995 U.S. Dist. LEXIS 4663 (U.S. Dist., 1995),

See also, King v. Conde, 121 F.R.D. 180, 198 (E.D.N.Y., 1988) ("plaintiffs in federal

civil rights actions are presumptively entitled to . . . documents on prior complaints and

police history."); Hurley v. Keenan, 79 Civ. 4772, 1984 WL 358 at *3 (S.D.N.Y. May 8,

1984) ("plainly any proceeding -- whether administrative, civil or criminal -- in which one

of the defendants was charged with or investigated for possible abuse of the type alleged by

plaintiff could yield relevant information.").

Denying plaintiff the opportunity to evaluate the material's relevance would amount

to substantial prejudice, especially in light of the Second Circuit's holding in Ismail, which

stongly supports the notion that the material sought is not only discoverable, but actually

admissible.

Conn. Gen. Stat. § 52-142(b)-(d) [sic] is of no consequence.  A state statute cannot

deter the authority of a federal court to order the production of relevant and discoverable

evidence. The Supremacy Clause provides that "(t)his Constitution, and the Laws of the

United States which shall be made in Pursuance thereof . . . shall be the supreme Law of

the Land; and the Judges in every state shall be bound thereby, any thing in the Constitution

or Laws of any State to the Contrary notwithstanding." In consideration of this clause the

Supreme Court has established the function of the federal courts in the case of a challenged

state statute as the duty to determine whether the statute "stands as an obstacle to the

accomplishment and execution of the full purposes and objectives of Congress."  Hines v,

Davidowitz, 312 U.S. 52, 67, 61 S. Ct. 399, 404, 85 L. Ed. 581 (1941) .

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

In <u>United States v, Thorne</u>, 467 F. SUPP. 938, 939 (D. Conn. Mar. 14, 1979 (Bufus, J.), the court ordered production of criminal records despite the objection of the state Clerk of Court, and despite the existence of an erasure statute, C.G.S. 54-90. The court relied primarily on the Supremacy Clause. <u>Id.</u>

Defendant cites to Conn. Gen. Stat. § 52-142(b)- (d) [sic]. Because of the incorrect citation, it is difficult to ascertain the specific provisions that defendant intended to cite. To the extent defendant intended to cite to Conn. Gen. Stat. § 54-142b-d, none of these provisions are applicable to the requested material. § 54-142b is wholly irrelevant and pertains to records of "a girl found guilty of being in manifest danger." § 54-142c pertains only to the obligations of the clerk of the court with regard erased records. Nothing in that provision suggests that a personnel file or an internal affairs file is subject to erasure, and nothing in the provision suggests that a police department is prevented from disclosing these records. § 54-142d only relates to <u>convictions</u> which have subsequently been <u>decriminalized</u>. In such situations where an offense has subsequently been decriminalized, a convicted person may petition the court for erasure. Moreover to the extent that defendant intended to rely upon § 54-142a, those provisions are similarly inapplicable. That provision applies to records generated from a <u>criminal prosecution</u>. Plaintiff has not sought records relating to a criminal prosecution, but merely to police department internal records relating to its personnel, i.e. internal affairs files and personnel files. To the extent that defendant's personnel and or internal affairs file contains records relating to a criminal charge against him which was subsequently dismissed, § 54-142a, may be applicable. Nevertheless, even

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

this provision would have to bow to the Supremacy Clause as described above to the extent

that the records had not already been destroyed. The erasure statutes relied-upon by the

defendant are simply inapplicable to any of the issues before this court, and the reliance is

patently misplaced.[2]

Defendant also objects to a medical examination. Plaintiff has been severely injured

in this case. After examining plaintiff's medical records generated from the Department of

Correction, it is evident that his treatment has been somewhat cursory. It is difficult to

identify any real diagnosis or prognosis. Nevertheless, plaintiff remains severely injured.

A jury should be allowed to hear expert testimony relating to the extent of plaintiff's

injuries, the prognosis and his permanent disability, if any. Defendant's concerns relating

to the trial date and possible delay are legitimate, but there is no reason why these concerns

cannot be addressed through an aggressive and strict plan. Plaintiff proposes that the

medical examination be conducted within thirty days of the court's ruling; that a report be

provided within fifteen days of the medical examination; and that defendant depose the

medical expert and/or plaintiff within thirty days of the disclosed report. While this is an

aggressive schedule, there is no reason that it cannot be met, which in turn will eliminate

any prejudice to defendant.

As to the deposition of the defendant, plaintiff is willing to accommodate him within

reason. Examples of accommodations could include conducting the deposition at

---

[2] To the extent that records have not been destroyed, plaintiff requests that this court order
that they not be destroyed.

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

defendant's home or conducting the deposition in phases so that defendant is not required to be uncomfortable for an extended period of time. Regardless, it would be plaintiff's expectation that any deposition of defendant would last less than three hours.

Plaintiff is aware of the tardiness of his discovery efforts. This tardiness, however, is almost entirely attributable to: plaintiff's status as a layperson; plaintiff not having counsel; plaintiff's severe psychological condition; and plaintiff's low educational and intelligence level. We recognize that efforts at discovery at this late date are inconvenient, but they are certainly not prejudicial in such a manner that cannot be overcome. Any inconvenience is far outweighed by the need for plaintiff to adequately prosecute this matter.

For the reasons stated in this reply and in plaintiff's initial motion, Plaintiff's Motion to Conduct Limited Discovery should be granted.

7

PLAINTIFF,
RICHARD ROQUÉ

By_____

José M. Rojas
Federal Bar No. ct22569
For Shipman & Goodwin
One American Row
Hartford, CT 06103-2819
Tel:  (860) 251-5000
Fax:  (860) 251-5700
Jrojas@goodwin.com
His Attorney

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

<u>CERTIFICATION OF SERVICE</u>

     I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 11th day of December 2003, to:

Robert Avery Rhodes, Esq.
Stephen P. Fogerty, Esq.
Halloran & Sage
315 Post Road West
Westport, CT  06880

Jose M. Rojas

360188 v.01

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385