UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD ROQUÉ, | : | CIVIL ACTION NO. |
| | : | 3:00 CV 01583 (SRU/WIG) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER JAMES S. GARFIELD, | : | |
| INDIVIDUALLY | : | |
| | : | |
| Defendant.: | : | August 24, 2004 |

## JOINT TRIAL MEMORANDUM

### 1.   Trial Counsel

Plaintiff
Jose M. Rojas
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
T: (860) 251-5000

Defendant
Robert A. Rhodes
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880
T: (203) 227-2855

### 2.   Jurisdiction

Original jurisdiction based on 42 U.S.C. § 1983.

### 3.   Jury-Nonjury

This matter will be tried to a jury.

**4.**     **Length of Time**

Trial time estimated to be 1-2 days of evidence.

**5.**     **Further Proceedings**

See § 12, Evidentiary Problems.

**6.**     **Nature of Case**

The present matter arises from the arrest of the plaintiff following a motor vehicle stop on August 31, 1997. The plaintiff claims that Officer Garfield used unreasonable force in making the arrest. The defendant contends that the plaintiff used physical force to resist arrest and assault Officer Garfield, and that Officer Garfield's actions in arresting the plaintiff were reasonable.

**7.**     **Election for Trial by Magistrate**

The parties have no objection to trial before a magistrate judge.

**8.**     **Plaintiff's List of Witnesses**

    (1)    Plaintiff, Richard Roque, will testify about the facts and circumstances surrounding his arrest and injuries, and also concerning the nature and extent of his injuries and their effect upon his life. Estimated time of testimony is three (3) hours.

    (2)    Jesus Roman will testify about the facts and circumstances surrounding the plaintiff's arrest and injuries. Estimated time of testimony is thirty (30) minutes.

2

(3)     Nereida DeJesus will testify about the facts and circumstances surrounding the plaintiff's arrest and injuries. Estimated time of testimony is thirty (30) minutes.

(4)     James Garfield will testify about the facts and circumstances surrounding the apprehension and arrest of Richard Roque. Estimated time of testimony is one (1) hour.

(5)     Sergeant T. Meyer will testify about the facts and circumstances surrounding the apprehension and arrest of Richard Roque. Estimated time of testimony is thirty (30) minutes.

## 9.     Defendant's List of Witnesses

(1)     James Garfield will testify about the facts and circumstances surrounding the apprehension and arrest of Richard Roque. Estimated time of testimony is 30 minutes.

(2)     Sergeant T. Meyer will testify about the facts and circumstances surrounding the apprehension and arrest of Richard Roque. Estimated time of testimony is 30 minutes.

(3)     Officer Anderson will testify about the facts and circumstances surrounding the apprehension and arrest of Richard Roque. Estimated time of testimony is 15 minutes.

(4)     Lt. Neely will testify about the facts and circumstances surrounding the apprehension and arrest of Richard Roque. Estimated time of testimony is 15 minutes.

(5)     Officer Kelly will likely testify about his interview with Mr. Roque. Estimated time of testimony is 15 minutes.

3

      (6)    Richard Roque a.k.a. Richard Roque.  Mr. Roque will testify about the facts and circumstances surrounding his apprehension and arrest. Estimated time of testimony is 15 minutes.

**10.**     **Deposition Testimony**

    N/A

**11.**    **(a)**    **Plaintiff's Exhibits**

      (1)    All incident reports from Milford Police Department.

      (2)    All incident reports from Stratford Police Department.

      (3)    Records of Milford Police Department concerning other instances of excessive force involving the defendant.

      (4)    Medical records from Bridgeport Hospital concerning injuries sustained by the plaintiff.

      (5)    Medical records from Department of Corrections concerning injuries sustained by the plaintiff on August 31, 1997.

      (6)    Medical records from St. Vincent Hospital.

      (7)    Photographs of the assault scene.

    **(b)**    **Defendant's Exhibits**

      (1)    Milford Police Case Incident Report – including narrative reports, witness statements, property inventories, initial medical report of plaintiff, etc.

      (2)    Certified copy of criminal conviction for assaulting a police officer.

4

     (3)     Sample of gravel used to assault Officer Garfield.

     (4)     Complaint filed by plaintiff in Roque v. Armstrong, 3:02CV1808(JCH).

     (5)     Complaint filed by plaintiff in Roque v. Armstrong, 3:02CV1846(AWT).

     (6)     Various photographs of arrest scene – Stratford Train Station.

The defendant also reserves the right to utilize any exhibits listed by the plaintiff.

he defendant may also offer at trial, as the need arises material portions of the plaintiff's medical records.

## 12.    Anticipated Evidentiary Problems

The plaintiff will file a motion in limine concerning criminal charges and convictions.

The defendant will be filing a motion in limine concerning other claims or incidents of excessive force involving the defendant.

The defendant will also be filing a motion in limine concerning the use of an "Initial Incident Report" and records and transcripts of the plaintiff's criminal trial as those records

5

have not been disclosed to the defendant pursuant to written discovery. Plaintiff disagrees with this contention and specifically states that defendant has these records.

The defendant also reserves the right to object to medical records identified by plaintiff as the records, in part of in their entirety, may constitute hearsay. Plaintiff requests that defendant identify with specificity those records to which he intends to object on hearsay grounds so that plaintiff can ascertain whether or not to call the custodian of records or the declarant, as the case may be.

The defendant also reserves the right to object at trial to the use of any records which have not been produced and disclosed to counsel.

13.  **Stipulations of Law and Fact**

  a.    At all relevant times, the defendant was acting under color of state law.

  b.    On August 31, 1997, Officer Garfield of the Milford Police Department was notified that individuals suspected of shoplifting from a local "Fashion Bug" were fleeing the area in a small red vehicle.

  c.    While Officer Garfield was responding to the area, he observed a vehicle similar to this description entering I-95.

  d.    This vehicle was operated by the plaintiff, Richard Roque.

6

e.    Officer Garfield followed the vehicle onto I-95 and stopped the vehicle.

f.    The plaintiff was instructed to exit his vehicle and remain on the side of the

roadway while Officer Garfield unlocked the doors of his cruiser.

h.    At this time, the plaintiff ran down an embankment from I-95 in the general

direction of the Stratford Train Station.

i.    The plaintiff was pursued on foot by Officer Garfield.

**14.(a)  Proposed Voir Dire Questions**

**Plaintiff's Voir Dire Questions:**

1.    Will you be able to give <u>equal</u> consideration to the testimony of each witness,

and evaluate the credibility of each witness without prejudice, solely on the

basis of their testimony and other evidence presented during the trial, even if

one or some of the witnesses are police officers?

2.    Do you believe that because a person is accused of a crime he is probably

guilty?

3.    Do you believe a police officer is justified in physically punishing a suspect for

attempting to flee?

7

**Defendant's Voir Dire Questions:**

1.  Have you or your family had any type of negative contact with the police which would interfere with your ability to be fair and impartial in this case?

2.  Have you or any members of your immediate family ever been subject to arrest by police officers?

3.  Have you or any members of your immediate family ever been subject to the use of force by police officers?

4.  Have you or any members of your immediate family ever made a claim or brought a lawsuit against a police officer or other law enforcement agent or agency?

5.  Have you or any members of your family ever been addicted to a controlled substance or participated in any substance abuse programs.

8

**14.(b)** <u>Proposed Jury Instructions</u>

The parties reserve their right to object to their respective proposed jury instructions.

**(1)** <u>Plaintiff's Proposed Jury Instructions</u>

Plaintiff requests that the Court's standard charge be used regarding burden of proof, credibility of witnesses, damages, and other general matters be used. In addition, plaintiff specifically requests that the following charge be given regarding excessive force.

**I.**    UNREASONABLE AND EXCESSIVE FORCE

Mr. Roque claims that he was subjected to excessive force on August 31, 1997. A person has a constitutional right to be free from the use of excessive or unreasonable force. In effecting an arrest, a police officer may use such force as reasonably necessary to take the arrested person into custody.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested. In other words, a law enforcement official may only employ the amount of force necessary under the circumstances to make an arrest.

To determine whether the use of force was or was not excessive, you must determine whether the amount of force used was that which a reasonable police officer would have used in similar circumstances. In making this determination, you should give careful attention to

9

all the facts and circumstances in this case, including the crime of which the suspect is accused of, and whether it was violent or nonviolent, the need, if any, for the application of force, and amount of force that was used, and the extent of any resulting injury.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable police officer on the scene in light of all the objective facts and circumstances that existed at the time of the incident. This reasonable test requires careful attention to the facts and circumstances of each particular case and takes into account the severity of the crime at issue, whether the suspect poses an immediate threat to the police officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. If you find that the amount of force used was greater than a reasonable person would have employed, the plaintiff will have established the claim of loss of a federal right.

10

## II.     CREDIBILITY OF WITNESSES

The jury determines the credibility of witnesses and the weight to be given to their testimony. No fact is determined merely by the number of witnesses testifying for or against. It is quality, not quantity, of testimony that controls.

Credibility may be impeached by cross-examination; it may be affected by the appearance of the witness upon the stand; by his or her interest in the outcome; or by evident ignorance to facts to which he or she testifies. You may consider these matters in weighing the testimony in this case.

In passing on the credibility of each of the witnesses, there are certain considerations you may well have in mind:

> Ask whether the story a witness has told is plausible. Does it ring true? Or are there inconsistencies in it? How does it fit in with other evidence in the case that you believe and other facts you find to have existed? Does it mesh with that evidence and those facts?

You may well ask yourselves in passing on the credibility of any witness whether that witness has any bias or prejudice with regard to any party to the action and, if so, whether he or she has permitted that bias or prejudice to color their testimony. A jury should always bear in mind that if a witness has a

11

decided bias or prejudice, or has interest in the outcome of the case, that there lurks the temptation to sway or shade one's testimony. In assessing witnesses' testimony, you may properly apply your own knowledge of human nature and of the motives that influence and control human action. You have the right to bring to bear upon testimony in court the same tests of veracity that would be used in the every day affairs of life. You are at liberty within your own sound judgment to choose what testimony you will believe and to discard in whole or in part the testimony of any others.

It is your duty as jurors to harmonize the evidence as far as it reasonably can be done. You are to test the evidence of the several witnesses by your own knowledge of human nature and of the motives which influence and control human nature, using the same good judgment which you apply to facts which are daily presented to you for your consideration and decision.

Wright and Ankerman, Connecticut Jury Instructions, Volumes I and II §§ 318, 640, 641, 645 (4th ed. 2000); Connelly v. Connecticut Co., 107 Conn. 236 (1928)

12

(2)     **Defendant's Proposed Jury Instructions**

I.     UNREASONABLE AND EXCESSIVE FORCE

The plaintiff claims that he was subjected to excessive force on August 31, 1997. A

person, even if he or she is being lawfully arrested, has a constitutional right to be free from

the use of excessive or unreasonable force. In effecting an arrest, a police officer is entitled

to use such force as a reasonable police officer would think is required to take the arrested

person into custody. The burden of proof is on the plaintiff to persuade you, by a

preponderance of the evidence, that excessive was used during his arrest on August 31, 1997.

In deciding whether the plaintiff has met his burden of proof on this issue, you must

first determine whether the defendants committed the acts alleged by the plaintiff. You must

then decide whether those acts violated the plaintiff's constitutional right to be free from the

use of excessive force. To determine whether the use of force was or was not excessive, you

must determine whether the amount of force used was that which a reasonable police officer

would have used in similar circumstances. In making this determination, you should give

careful attention to all the facts and circumstances in the case, including the need, if any, for

the application of force, the amount of force that was used, and the extent of any resulting

injury. You should also bear in mind that under Connecticut law, a person is not justified in

13

using physical force to resist an arrest by a reasonably identifiable police officer, whether the

arrest is legal or not.

The reasonableness of a particular use of force must be judged from the perspective of

a reasonable police officer on the scene in light of all the objective facts and circumstances

that existed at the time of the incident.  Not every push, pull or shove, even if it may seem

unnecessary in the peace of the courtroom, violated the constitution.  This reasonable test

requires careful attention to the facts and circumstances of each particular case and takes into

account the severity of the crime at issue, whether the suspect poses an immediate threat to

the police officers or others, and whether he is actively resisting arrest or attempting to evade

arrest by flight – and it requires as well, allowance for the fact that police officers are often

forced to make split second decisions – in circumstances that are tense, uncertain and rapidly

evolving – about the amount of force that is necessary in a particular situation.  Furthermore,

in determining whether or not a police officer acted reasonably, you are not limited to

deciding whether the officer used the most reasonable alternative available.  The fact that a

police officer might have accomplished his/her legitimate objectives by some reasonable

method, other than the one chosen, does not necessarily render that officer's actions

unreasonable.  If you find the amount of force used by the defendants was greater than the

14

amount of force a reasonable police officer would have used in the circumstance, then the

plaintiff will have established that the defendants subjected him to the use of excessive force

in violation of his constitutional rights.

I will instruct you that Mr. Roque was found guilty and convicted of assaulting

Officer Garfield, so I instruct you that you must find that Mr. Roque was physically resisting

Officer Garfield and did pose a threat to Officer Garfield's safety.

I want to remind you that this case does not involve a claim of false arrest. Your

verdict should be based solely on the findings as to whether the amount of force used by the

defendants or defendant in arresting the plaintiff was greater than the amount of force a

reasonable officer would have used in these circumstances.

Perro v. Todd, 3:92CV00134(AWT)

15

## II.    AUTHORIZED USE OF FORCE

The plaintiff has alleged that the defendants both [*sic*] violated his right to be free from unreasonable force in his arrest and committed assault and battery during his arrest. Under Connecticut law, the police are justified in using physical force upon another person when and to the extent that the officer reasonably believes such force is necessary to effect an arrest or prevent the escape from custody of a person whom the officer reasonable believes to have committed an offense unless the officer knows that the arrest or custody is unauthorized; or to defend himself or a third person from the use or imminent use of physical force while effecting or attempting to effect an arrest or while preventing or attempting to prevent an escape.

Connecticut General Statute section 53a-22(b).

16

III.    QUALIFIED IMMUNITY – FEDERAL LAW

In the present case, Officer Garfield claims that he is entitled to qualified immunity

for his actions in arresting Mr. Roque.  To establish qualified immunity, Officer Garfield

must demonstrate that his conduct did not violate any of the plaintiff's clearly established

rights, that would have been known to a reasonable person at the time, or in the alternative,

that it was objectively reasonable for him to believe that this actions did not violate any of

those clearly established rights.  To put it another way, the objective reasonableness test is

met – and defendants are entitled to qualified immunity – if officers of reasonable competence

could disagree as to whether excessive or unreasonable force was used.

The availability of qualified immunity does not turn on whether the defendants

violated the plaintiff's rights; qualified immunity is a defense.  <u>Lennon v. Miller</u>, 66 F.3d

416, 422, 423 (2nd Cir. 1995).

Should you find that Officer Garfield used excessive force in arresting Mr. Roque, he

is still entitled to immunity if you also find that it was objectively reasonable for Officer

Garfield to believe that he was not using unreasonable or excessive force in arresting

Mr. Roque.

17

## IV.    CREDIBILITY OF WITNESSES

The jury determines the credibility of witnesses and the weight to be given to their testimony. No fact is determined merely by the number of witnesses testifying for or against. It is quality, not quantity, of testimony that controls.

The credibility of a witness may be impaired or completely destroyed by impeaching testimony, such as illegal or criminal conduct on the part of the witness. It may have been impeached by cross-examination; it may be affected by the appearance of the witness upon the stand/ by his or her interest in the outcome; or by evident ignorance to facts to which he or she testifies. You may consider these matters in weighing the testimony in this case.

In passing on the credibility of each of the witnesses, there are certain considerations you may well have in mind:

> Ask whether the story a witness has told is plausible.
> Does it ring true? Or are there inconsistencies in it? How
> does it fit in with other evidence in the case that you
> believe and other facts you find to have existed? Does it
> mesh with that evidence and those facts?

You may well ask yourselves in passing on the credibility of any witness whether that witness has any bias or prejudice with regard to any party to the action and, if so, whether he or she has permitted that bias or prejudice to color their testimony. A jury should always bear

18

in mind that if a witness has a decided bias or prejudice, or has interest in the outcome of the case, that there lurks the temptation to sway or shade one's testimony. In assessing witnesses' testimony, you may properly apply your own knowledge of human nature and of the motives that influence and control human action. You have the right to bring to bear upon testimony in court the same tests of veracity that would be used in the very day affairs of life. You are at liberty within your own sound judgment to choose what testimony you will believe and to discard in whole or in part the testimony of any others.

It is your duty as jurors to harmonize the evidence as far as it reasonably can be done. You are to test the evidence of the several witnesses by your own knowledge of human nature and of the motives which influence and control human nature, using the same good judgment which you apply to facts which are daily presented to you for your consideration and decision.

> Wright and Ankerman, Connecticut Jury Instructions, Volumes I and II §§ 318, 640, 641, 645 (4th ed. 2000); Connelly v. Connecticut Co., 107 Conn. 236 (1928)

19

## V.    DEFENDANT'S PROPOSED INSTRUCTION RE: MITIGATION OF DAMAGES

One who has been injured by another must use reasonable care to promote recovery and prevent any aggravation or increase of the injuries. This is known as the duty to mitigate one's damages. This rule is one of good faith and reasonable conduct, and the requirement is met when the plaintiff does what a reasonably prudent person would be expected to do under the same circumstances to prevent the aggravation of injuries already received and to effect a recovery from such injuries.

The test of good faith and reasonable conduct must be applied under tall the conditions surrounding the plaintiff at the time.

That, ladies and gentlemen, is the rule. If you find that the plaintiff in this action acted in good faith, resorted to such means and adopted such methods as were reasonably within his reach in order to make his damages as small as possible, then you won't have to consider the question of whether the damages should be diminished.

If, on the other hand, you find that he fell short of that test, that he did not act in good faith, and did not resort to such means and adopt such methods as were reasonably within his reach to make his damage as small as possible, then you ought to take off from the damages

20

which otherwise you would award to him such sum as you think fairly measures the amount

to which his damage has been increased by reason of his failure in his duty in this respect.

Miller v. Lovett, 879 F.2d 1066, 1070 (2d Cir. 1989)

21

PLAINTIFF,
RICHARD ROQUÉ

By _____
  Jose M. Rojas
  Federal Bar No. ct22569
  Shipman & Goodwin
  One American Row
  Hartford, CT 06103-2819
  Tel: (860) 251-5000
  Fax: (860) 251-5700
  Jrojas@goodwin.com
  His Attorney


DEFENDANT,
JAMES S. GARFIELD

By _____
  Robert A. Rhodes
  Federal Bar No. ct13583
  Halloran & Sage, LLP
  315 Post Road West
  Westport, CT 06880
  Tel: (203) 227-2855
  Fax: (203) 227-6992
  His Attorney

379530 v.02

22