UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD ROQUÉ, | : CIVIL ACTION NO. |
| | : 3:00 CV 01583 (SRU/WIG) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| OFFICER JAMES S. GARFIELD, | : |
| INDIVIDUALLY | : |
| | : |
| Defendant.: | : SEPTEMBER 1, 2004 |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE
OF CONVICTION FOR ASSAULT AND RESISTING ARREST**

The plaintiff, Richard Roque, hereby moves to preclude documentary or testimonial evidence of Mr. Roque's conviction for assault and/or resisting arrest. Evidence of this conviction would be devastatingly prejudicial to Mr. Roque's case, and would unduly interfere with the province of this jury.

On August 31, 1997, following an unsuccessful effort to flee, Mr. Roque was apprehended by Officer Garfield. Upon catching Mr. Roque, Officer Garfield threw Mr. Roque onto the train tracks of the Stratford Train Station, causing Mr. Roque to fracture bones in his leg. While Mr. Roque was on the ground with a broken leg, Officer Garfield jumped down onto the tracks and struck Mr. Roque in the head with his handcuffs, causing a laceration and bleeding.

The factual dispute in this trial will revolve around the reasonableness of the above conduct under the circumstances. Specifically, Officer Garfield will contend that he threw Mr. Roque onto the tracks because Mr. Roque first attempted to throw Officer Garfield onto the tracks. Officer Garfield will next contend that he struck Mr. Roque with the handcuffs because Mr. Roque first tried to strike Officer Garfield with a rock. Mr. Roque denies having committed either of these two assaults.

The prejudicial effect of his conviction for assault and resisting arrest is undeniable. If a jury believes that a prior jury convicted Mr. Roque for assaulting Officer Garfield, the independence of this jury and its duty to independently assess the facts will be seriously compromised.

The legal analysis of this issue is complicated because it does not neatly fit into any of the Rules of Evidence which might at first glance be implicated. Fed. R. Evid. 404(b) is awkwardly implicated. It says that "[e]vidence of other crimes, wrongs or acts is not admissible to show action in conformity therewith."[1] Here, it is undeniable that the purpose of introducing the prior crime is to show that Mr. Roque acted in conformity therewith, i.e. to show that he in fact assaulted Officer Garfield. Even if Mr. Roque were to testify at trial that he did <u>not</u> assault Officer Garfield, evidence of the conviction would still only serve the purpose of showing that, contrary to Mr. Roque's testimony, he had acted in conformity with his conviction.

---

[1] Admittedly, the rule is awkwardly implicated because the crime is not really an "other" crime since it is related directly to the conduct at issue in the civil litigation.

Fed. R. Evid. 609 is also implicated. This evidentiary rule allows evidence of a felony for the purpose of attacking the <u>credibility</u> of a witness. Rule 609 merely codifies our societal belief that a felon is less credible. The rule is by no means intended to establish the truth of the underlying conduct. If the jury were allowed to learn that Mr. Roque was convicted of a felony within the last ten years, the purpose of Rule 609 would be served. The purpose of the Rule does not require that the jury learn of the underlying conduct surrounding the felony conviction. Informing the jury of the underlying conduct would only prejudice the jury into concluding that Mr. Roque assaulted Officer Garfield simply because a previous jury made that conclusion.

There was no case law found regarding the precise issue, but case law was found that generally addresses the prejudicial nature of allowing evidence of an assault conviction in a Section 1983 case. See <u>Daniels v. Loizo</u>, 96 F. Supp. 245 (S.D.N.Y. Dec. 29, 1997). There, the plaintiff brought an action pursuant to 42 U.S.C. § 1983, alleging that he had been the victim of excessive force by certain police officers. The defendant sought to have various criminal convictions of the plaintiff admitted into evidence. Amongst these convictions, were convictions for assault and resisting arrest. In precluding the evidence, the court said:

> In criminal trials, evidence of past crimes are excluded when the convictions are for the same type of offense as the pending charge because they cause unfair prejudice by suggesting that the party has a propensity to commit such acts. *The same concerns of*

> *prejudice are implicated where a defendant introduces a plaintiff's assault conviction in a Section 1983 excessive force case because the jury may improperly infer that, based on the prior conviction, the plaintiff instigated the incident.*

Id. at 251 (emphasis added). See also Lewis v. Velez 149, F.R.D. 474, 482 (S.D.N.Y. May 19, 1993) ("Aside from the fact that violent or assaultive crimes generally do not reflect directly on credibility, the potential for prejudice is greatly enhanced where, as here, the prior offense is similar to the one for which the defendant is on trial. Given the facts of the current case, assault convictions skirt too close to the impermissible suggestion that the plaintiff had a propensity toward violence and acted in conformity with his aggressive predisposition. Informing the jury that [plaintiff] has been convicted for a prior assault would be unacceptably prejudicial.")

While these cases are not directly on point, because they do not involve a conviction for the very conduct which is the subject of the subsequent civil trial, the cases strongly depict the prejudice which is at issue. In fact, the prejudice arising from the conviction at issue in this case is far greater for the very reason that it involves the same incident. Moreover, the probative value is de minimis. Relevance is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The fact that a group of six people concluded that

Mr. Roque assaulted Officer Garfield does not make it more probable that the assault actually occurred; it simply means that six other people believe the assault occurred.

In light of the highly prejudicial nature and limited probative value of the assault and resistance of arrest conviction, along with its dangerous intrusion on the province of the jury, it is respectfully requested that the underlying nature of the conviction be precluded. Recognizing that Rule 609 allows evidence of a felony conviction within the last ten years, Mr. Roque respectfully requests that the evidence relating to the conviction be limited to the fact that Mr. Roque was convicted of a felony within the last ten years.

        PLAINTIFF,
        RICHARD ROQUÉ

        By_____
        Jose M. Rojas
        Federal Bar No. ct22569
        For Shipman & Goodwin
        One American Row
        Hartford, CT 06103-2819
        Tel: (860) 251-5000
        Fax: (860) 251-5700
        Jrojas@goodwin.com
        His Attorney

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing motion was faxed and mailed, postage prepaid, on the 1st day of September 2003, to:

Robert Avery Rhodes, Esq.
Halloran & Sage
315 Post Road West
Westport, CT 06880

_____
Jose M. Rojas

380538 v.01