UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD ROQUÉ, | : CIVIL ACTION NO. |
| | : 3:00 CV 01583 (SRU/WIG) |
| Plaintiff, | : |
| v. | : |
| OFFICER JAMES S. GARFIELD, INDIVIDUALLY | : |
| Defendant.: | : SEPTEMBER 1, 2004 |

### PLAINTIFF'S MOTION IN LIMINE TO ALLOW EVIDENCE OF PRIOR USE OF FORCE

Mr. Roque moves, in limine, for the court to allow evidence of prior incidents where Officer Garfield has used force in the course of an arrest. In making this motion, Mr. Roque is mindful of Fed. R. Evid. 404(b), which states in relevant part that "evidence of other crimes, wrongs or acts is not admissible to prove character of a person in order to show action in conformity therewith."

However, the prior use of force incidents which Mr. Roque seeks to have admitted are relevant to motive and intent. A required element for an excessive force Section 1983 claim is an intention to use force (Negligence is not a basis of liability for constitutional torts.) See Daniels v. Williams, 474 U.S. 327, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986); Davidson v. Cannon, 474 U.S. 344, 88 L. Ed. 2d 677, 106 S. Ct. 668 (1986); Dodd v. City of Norwich, 827 F.2d 1, 3 (2d Cir. 1987). Once it is shown that the defendant intended to use force, the plaintiff is entitled, though not required, to prove that the defendant acted

"maliciously and sadistically for the very purpose of causing harm." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S. Ct. 462, 38 L. Ed. 2d 324 (1973).

The court has broad discretion in determining admissibility under Rule 404(b). United States v. Brennan, 798 F.2d 581 (2d Cir. 1986). Where a defendant's intent is at issue, evidence of prior acts may be admissible to prove that intent. See United States v. Caputo, 808 F.2d 963, 968 (2d Cir. 1987). Courts have held that a plaintiff in an excessive force case may prove by other instances that a defendant acted maliciously and sadistically for the very purpose of causing harm. Eng v. Scully, 146 F.R.D. 74, 80 (S.D.N.Y. 1993).

In the instant case, there is evidence of a prior incident where a citizen, Robert Gordon, claims that Officer Garfield had aggressively pulled him out of his vehicle without justification. See Exhibit A. Mr. Gordon further alleges that Officer Garfield knew that he was already injured because there were visible crutches in the back of his car, and because Mr. Gordon had already informed Officer Garfield that he had recently undergone surgery. Mr. Gordon alleged that he suffered injury as a result of this interaction. Mr. Gordon's complaint is particularly probative because it evidences Officer Garfield's modus operandi of causing injury to an already injured person. In this regard, it evidences his motive and sadistic desire to cause harm. It is of no consequence that his own police department exonerated him of the charges, or that his fellow officers supported his version of events. That fact only goes to the weight of the evidence, not its admissibility. Even if the court

2

were to disallow the actual introduction of the civilian complaint, Mr. Roque respectfully requests permission to question Officer Garfield with respect to this incident.

Upon information and belief, Mr. Garfield also shot his weapon into a vehicle. Mr. Roque requests permission to similarly question Officer Garfield on this incident. This line of questioning is relevant to impeachment because documents relating to use of force were requested of Officer Garfield in discovery, but none were provided regarding this shooting. In that regard, the incident is probative in that it shows consciousness of guilt. It is also material to impeachment because it relates to Officer Garfield's veracity. The shooting incident is also relevant substantively to show intent and/or motive, because it shows Officer Garfield's sadistic desire to cause harm.

For the reasons stated above, Mr. Roque respectfully requests permission to:

1. Examine Officer Garfield relating to the incident involving Robert Gordon; and

2. Examine Officer Garfield relating to the shooting incident.

3

PLAINTIFF,
RICHARD ROQUÉ

By /s/ Jose M. Rojas
Jose M. Rojas
Federal Bar No. ct22569
For Shipman & Goodwin
One American Row
Hartford, CT 06103-2819
Tel: (860) 251-5000
Fax: (860) 251-5700
Jrojas@goodwin.com
His Attorney

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing motion was faxed (w/o exhibit) and mailed, postage prepaid, on the 1st day of September 2003, to:

Robert Avery Rhodes, Esq.
Halloran & Sage
315 Post Road West
Westport, CT 06880

/s/ Jose M. Rojas

380597 v.01