FILED

2004 SEP -7 P 12: 24

U.S. DISTRICT C...

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD ROQUE, <br> Plaintiff <br> V. <br><br> JAMES S. GARFIELD, <br> Defendant | : CIVIL ACTION <br> : NO. 3:00 CV 1583(SRU)(WIG) <br> : <br> : <br> : <br> : <br> : September 3, 2004 |

## DEFENDANT'S MOTION IN LIMINE RE: PRIOR COMPLAINT OF EXCESSIVE FORCE

In the present case, the plaintiff is seeking to admit a prior complaint of excessive force made against Officer Garfield based on an incident which allegedly occurred on December 22, 1990. This incident was fully investigated by the Milford Police Department and Officer Garfield was exonerated. Further, this incident involved the forcible removal of an individual from his motor vehicle. In that incident, Officer Garfield was one of three officers identified in the complaint.

> To determine if such evidence is admissible, the district court must engage in a four-pronged analysis and evaluate whether (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

United States v. Zapata, 871 F.2d 616, 620 (7th Cir.1989)(analyzing Rule 404(b)). In applying this four part test, it is clear that this unsubstantiated claim should not be admitted into evidence. First, Officer Garfield was exonerated of any misconduct in this case so this incident is not directed to establishing a matter in issue in this case. Second, the alleged conduct occurred almost seven years before the conduct alleged in the present case, so it is not close enough in time to be relevant to this matter. Additionally, the alleged conduct is not similar in nature. Mr. Gordon claims that another officer grabbed him and pulled him from his car, and that all three officers "dragged him" to a police car *after* he was in handcuffs.. The present incident occurred after a lengthy foot pursuit and physical struggle in which the plaintiff was ultimately convicted of assaulting Officer Garfield. Third, because Officer Garfield was exonerated, the proposed evidence is clearly not sufficient to support a jury finding that Officer Garfield committed a similar act as those alleged in the present case. Fourth, the probative value of these unsubstantiated claims does not come close to outweighing the potential prejudice to Officer Garfield. The admission these allegations and any records pertaining to these allegations would be tantamount to admitting arrests rather than convictions to establish motive.

In Edwards v. Thomas, 31 F.Supp, 2d 1069 (N.D. Ill 1999), the District Court for the Northern District of Illinois applied this four part test and refused to admit

unsustained claims of excessive force. The only claim which was admitted was a sustained claim which consisted of fact-specific similar conduct alleged in both instances of "kicking an arrestee in the groin." Id. at 1075.

In Berkovich v. Hicks, 922 F.2d 1018 (2nd Cir. 1991), the Second Circuit held that the plaintiff's attempts to offer evidence of prior excessive force complaints to show that the defendant officer acted with a "sadistic, malicious and aggravated state of mind ... amounts to no more than a veiled attempt to do what Rule 404(b) expressly prohibits – introducing evidence of bad acts to show the defendant's propensity to commit such acts." The Second Circuit also held that prior complaints of excessive force, even if proven, did not show *modus operandi* contemplated by Rule 404(b) and any potential probative value was far outweighed by the prejudice to the defendant. Id, at 1022-23; see also Wallace v. Hano, 1992 WL 230139 (S.D.N.Y. 1992)(excluding prior substantiated complaints of excessive force because they did not establish intent or modus operandi and were unfairly prejudicial).

In the present case, the plaintiff seeks to introduce a complaint of excessive force for which Officer Garfield was exonerated. This incident occurred seven years prior to the subject incident and involved a factually distinct claim in which Officer Garfield was not the primary target of the accusations. This claim is irrelevant and

not probative of any issues in this case. Finally, the introduction of this unsubstantiated claim would be severely prejudicial to Officer Garfield. Therefore, the defendant's Motion in Limine should be granted.

DEFENDANT,
JAMES GARFIELD

BY: /s/ Robert A. Rhodes
Robert A. Rhodes
Fed. Bar #ct13583
HALLORAN & SAGE
315 Post Road West
Westport, CT 06880
Its Attorneys

## CERTIFICATION

This is to certify that on this 3rd day of September, 2004, I hereby mailed a copy of the foregoing to:

Representing the plaintiff:

Jose M. Rojas
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103

_____
Robert A. Rhodes

589113.1(HS-FP)